**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON**

**OHIO VALLEY ENVIRONMENTAL
COALITION, WEST VIRGINIA
HIGHLANDS CONSERVANCY and THE
SIERRA CLUB,**

      **Plaintiffs,**

**v.**                                                             **Civil Action No.: 2:15-cv-11150**

**MINGO LOGAN COAL COMPANY, LLC,**

      **Defendant.**

## ANSWER OF MINGO LOGAN COAL COMPANY, LLC

For its answer and response to the Complaint for Declaratory and Injunctive Relief filed on July 14, 2015, Defendant Mingo Logan Company, LLC ("Mingo Logan") says as follows:

### INTRODUCTION

1.    Defendant admits the allegations contained in paragraph 1 of the Complaint.

### JURISDICTION AND VENUE

2.    Paragraph 2 of the Complaint contains conclusions of law to which no response is necessary.

3.    Defendant admits the allegations that Plaintiffs gave notice of its intent to file suit to Mingo Logan, but is without information sufficient to affirm or deny the allegations that it gave notice to EPA and WVDEP.

4.    Defendant admits the allegations contained in paragraph 4 of the Complaint that more than 60 days have passed since notice was served.  It is without information

sufficient to affirm or deny whether any agency has initiated action to address the violations, but is unaware of any such action.

5.    Paragraph 5 of the Complaint contains conclusions of  law to which no response is necessary.

## PARTIES

6.    Defendant admits the allegations contained in paragraph 6 of the Complaint.

7.    Paragraph 7 of the Complaint contains conclusions of law to which no response is necessary.

8.    Defendant admits that it owns and operates the Mountain Laurel Mine Complex near Sharples, West Virginia and that it has been regulated by a surface mining permit issued under the West Virginia Surface Coal Mining and Reclamation Act, an NPDES permit issued by WVDEP, a Section 404 permit issued by the Corps of Engineers under the Clean Water Act.

9.    Defendant is without information sufficient to affirm or deny the allegations contained in paragraph 9 of the Complaint, but has no reason to deny them.

10.    Defendant is without information sufficient to affirm or deny the allegations contained in paragraph 10 of the Complaint, but denies that the Highlands Conservancy works toward the "wise management" of West Virginia's natural resources.

11.    Defendant is without information sufficient to affirm or deny the allegations contained in paragraph 11.

12.    Defendant is without information sufficient to affirm or deny the allegations concerning those streams used and enjoyed by Cindy Rank and Vivian Stockman, but

denies allegations that any failure by Defendant to mitigate has caused any impact to Plaintiffs and denies that it has violated the terms and conditions of its Section 401 certification.

13.     Paragraph 13 of the Complaint contains conclusions of law to which no response is necessary.

## STATUTORY AND REGULATORY FRAMEWORK

14.     Paragraph 14 of the Complaint contains conclusions of law to which no response is necessary.

15.     Paragraph 15 of the Complaint contains conclusions of law to which no response is necessary.

16.     Paragraph 16 of the Complaint contains conclusions of law to which no response is necessary.

17.     Paragraph 17 of the Complaint contains conclusions of law to which no response is necessary.  Defendant denies that all conditions in a Section 401 certification become enforceable conditions under the Clean Water Act.

18.     Defendant admits the allegations contained in paragraph 18 of the Complaint.

19.     Paragraph 19 of the Complaint contains conclusions of law to which no response is necessary.

20.     Paragraph 20 of the Complaint contains conclusions of law to which no response is necessary.

21.     Paragraph 21 of the Complaint contains conclusions of law to which no response is necessary.

3

22.     Paragraph 22 of the Complaint contains conclusions of law to which no response is necessary.

## FACTS

23.     Mingo Logan admits the allegations contained in paragraph 23 of the Complaint that WVDEP issued a Section 401 certification to Mingo Logan for stream-filling activities associated with an underground coal mine and preparation plant and that those activities were authorized by an individual Section 404 permit issued by the Corps of Engineers, but is otherwise without information sufficient to affirm or deny the precise date on which such approvals were granted.

24.     Defendant admits the allegations contained in paragraph 24 of the Complaint.

25.     Defendant admits the allegations contained in paragraph 25 of the Complaint that WVDEP issued a Section 401 certification to it, but is otherwise without information sufficient to affirm or deny the precise date on which is was issued.  Defendant's Section 401 certification speaks for itself.

26.     The "August 13, 2004 Compensation/Mitigation Agreement" referenced in paragraph 26 of the Complaint speaks for itself.

27.     The "August 13, 2004 Compensation/Mitigation Agreement" referenced in paragraph 27 of the Complaint speaks for itself.  Defendant denies that the "August 13, 2004 Compensation/Mitigation Agreement" required project completion by August 30, 2009.

28.     Defendant is without information sufficient to affirm or deny the allegations contained in paragraph 28 of the Complaint that WVDEP approved the "Final

4

Compensatory Mitigation Plan" in August 2004.  The "Final Compensatory Mitigation Plan" speaks for itself.

29.     Defendant is without information sufficient to affirm or deny the allegations contained in paragraph 29 of the Complaint.

30.     Defendant admits the allegations contained in paragraph 30 of the Complaint.

31.     Defendant admits the allegations contained in paragraph 31 of the Complaint that it has submitted annual status reports to the United States Army Corps of Engineers regarding the progress of the "Final Compensatory Mitigation Plan" for the Mountain Laurel Mine Complex.  The annual reports speak for themselves.

32.     The 2009 annual report referenced in paragraph 32 of the Complaint speaks for itself.

33.     The 2014 annual report referenced in paragraph 33 of the Complaint speaks for itself.  Defendant denies that it has failed to meet the success criteria in the "Final Compensatory Mitigation Plan."

34.     Defendant denies the allegations contained in paragraph 34 of the Complaint that it has violated the terms and conditions of its Section 401 certification.

## CLAIM FOR RELIEF

35.     Defendant responds to the allegations contained in paragraph 35 of the Complaint by incorporating by reference its responses to the allegations contained in paragraphs 1 through 34 of the Complaint above.

36.     Paragraph 36 of the Complaint contains conclusions of law to which no response is necessary.

37.     Defendant denies the allegations contained in paragraph 37 of the Complaint that the conditions in its Section 401 certification are "effluent standards or limitations" for purposes of Section 505 of the Clean Water Act.

38.     Defendant denies the allegations contained in paragraph 38 of the Complaint that it has violated the terms and conditions of its Section 401 certification, the "Final Compensatory Mitigation Plan," or the "August 13, 2004 Compensation/Mitigation Agreement."

39.     Defendant denies the allegations contained in paragraph 39 of the Complaint that it is in violation of its Section 401 certification and the Clean Water Act.

40.     Defendant denies the allegations contained in paragraph 40 of the Complaint that it is subject to an injunction under the Clean Water Act.

## RELIEF REQUESTED

41.     Defendant denies that Plaintiffs are entitled to any of the relief requested in the Complaint, including Subparagraphs (1) through (6) under "Relief Requested."

42.     Defendant denies each and every allegation contained in Plaintiffs' Complaint that is not expressly admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

43.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

44.     Plaintiffs' action and the relief requested may be barred in whole or part by one or more of the following:

   a.     The conditions that Plaintiffs seek to enforce are not enforceable "effluent standards or limitations" under Section 505 of the Clean Water Act and, therefore, Plaintiffs have both failed to state a claim and the Court is without jurisdiction over the subject matter of the action;

       b.      Inadequate notice pursuant to 33 U.S.C. § 1365(b);

       c.      Plaintiffs lack standing;

       d.      Waiver;

       e.      Plaintiffs' action and/or all or part of the relief requested may be barred by the applicable statute of limitations;

       f.      Plaintiffs' action and/or all or part of the relief requested is moot or may be barred by the doctrine of laches.

45.      Defendant hereby gives notice that, as appropriate, it intends to rely on such affirmative defenses listed in Rule 8(c) of the Federal Rules of Civil Procedure that may become available or apparent to it during the course of discovery and reserves the right to amend its answer to assert any such affirmative defense or any other defense.

## JURY DEMAND

46.      The Complaint does not appear to include a claim for penalties, but to the extent Plaintiffs intend to seek penalties, then pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Defendant Hereby demands a jury trial.

      Respectfully submitted,

      MINGO LOGAN COAL COMPANY, LLC
      By Counsel

/s/*Robert G. McLusky*
ROBERT G. McLUSKY, WVBN 2489
DOUGLAS J. CROUSE, WVBN 11094
JACKSON KELLY, PLLC
1600 Laidley Tower
Post Office Box 553
Charleston, West Virginia 25322
*Counsel for Mingo Logan Coal Company, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON**

**OHIO VALLEY ENVIRONMENTAL
COALITION, WEST VIRGINIA
HIGHLANDS CONSERVANCY and THE
SIERRA CLUB,**

      **Plaintiffs,**

**v.**                                                            **Civil Action No.: 2:15-cv-11150**

**MINGO LOGAN COAL COMPANY, LLC,**

      **Defendant.**

**CERTIFICATE OF SERVICE**

I, Robert G. McLusky, do hereby certify that on November 24, 2015, I electronically filed the foregoing ANSWER OF MINGO LOGAN COAL COMPANY, LLC with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> J. Michael Becher
> Joseph M. Lovett
> Appalachian Mountain Advocates
> P.O. Box 507
> Lewisburg, WV 24901

> /s/*Robert G. McLusky*